O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#177

CIVIL MINUTES - GENERAL

| Case No. | CV 07-5767 PSG (AJWx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | United States v. Gunter M. Zielke, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                              Not Present

**Proceedings:**     **(In Chambers) Order Denying Defendant's *Ex Parte* Request for a Temporary Restraining Order**

Before the Court is Defendants' ex parte application for an emergency stay. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of the application, the Court DENIES the application.

I.     Background

On December 14, 2011, the Court adopted Plaintiff the United States of America's Proposed Judgement and Order of Sale. *See* Dkt. # 163. That Order recognized Defendants Gunter and Prapapun Zielke's outstanding income tax liabilities in the amounts of $27,141.27 and $27,782.29 respectively, set aside the fraudulent or nominee transfer of real property commonly known as 8801 Riderwood Drive, Sunland, California 91040 from the taxpayers to Alpha Beta Gamma Trust, and foreclosed the federal tax lien against the taxpayers' interest in the subject real property. *See id.* The Order of Sale provides that notice of sale shall be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Los Angeles County, California. *See id.*

On January 17, 2012, the Court struck several motions filed by the Defendants, including a motion to alter and amend the December 14 Order. Defendants filed a notice of appeal on February 13, 2012, appealing both the December 14 Order and the order striking Defendants motion for reconsideration. *See* Dkt. 173. Finally, on Monday, March 5, 2012, Defendants filed the present ex parte application for an emergency stay of the foreclosure sale which Defendants

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#177

CIVIL MINUTES - GENERAL

| Case No. | CV 07-5767 PSG (AJWx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | United States v. Gunter M. Zielke, *et al.* | | |

contend is scheduled to take place at 11 am tomorrow morning, on Tuesday, March 6. The application is made on the grounds that the lis pendens, "at least if coupled with the judgment lien," adequately secures the United States' judgment, and because Defendants are entitled to a stay as of right upon the posting of a supersedeas bond in accordance with Fed. R. Civ. P. 62(d). *See App.*

II.     Legal Standard

The law on ex parte applications is well-settled in this circuit. In order to justify ex parte relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

III.     Discussion

Defendants' application fails because they have not shown they are without fault in creating the crisis requiring *ex parte* relief. Defendants clearly were aware of the Court's December 14 Order foreclosing the United States' federal tax lien against their interest in the property; indeed, they filed motions for reconsideration and appealed the Court's determination. Nonetheless, while the Court denied the motion for reconsideration on January 17 and Defendants noticed their appeal on February 13, Defendants never filed a motion pursuant to Rule 62(d) asking the Court to set a supersedeas bond amount. Under the terms of the December 14 Order, the United States was required to publish the sale date once a week for at least four weeks prior to the sale. Defendants do not argue that Plaintiffs failed to provide this notice. They admit that they were aware of the pending sale, *see App.* 4:23-25, but claim their delay was due to the erroneous assumption that Defendant Prapapun Zielke's bankruptcy filing would nullify the sale, and because the "present law firm only recently took the case after Defendants were representing themselves for a substantial period of time."

Defendants chose to proceed without representation for almost four years, and engaged in multiple bankruptcy filings seeking to delay resolution of this case. Now, hours before the sale is scheduled to take place, Defendants contend that the Court must set the amount and terms of a supersedeas bond, "so that Defendants can obtain one, *as well as accord to them a reasonable time to obtain it*." *See App.*, 2:7-11 (emphasis added). The prejudice to the United States as a result of this eleventh hour request is obvious - according to the Court's Standing Order, the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#177

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5767 PSG (AJWx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | United States v. Gunter M. Zielke, *et al.* | | |

United States' opposition to this ex parte application is not even due until 3pm tomorrow afternoon, four hours after the sale is to take place. Moreover, even in cases seeking injunctions or temporary restraining orders, the Standing Order provides that the Court will not rule on any request for such relief until at least twenty-four hours after the party subject to the requested order has been served. Defendants have filed no proof of service with respect to the ex parte application or otherwise indicated when it was served on the United States, and have indicated that the United States intends to oppose the application.

Moreover, although Defendants correctly state that "a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)," *see Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S.Ct. 1, 3 (1966), they cite no authority for the proposition that the Court is required to stay enforcement of the judgement at this late stage to entertain a belated motion to set a bond amount *and* allow Defendants additional time to post it. Rule 62(d) is clear that the "stay takes effect when the court approves the bond." *See Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977) (noting that under Fed. R. Civ. P. 62(d) appellant "may obtain a stay as a matter of right by posting a supersedeas bond acceptable to the court. Since no bond was posted, the grant or denial of the stay[] was a matter strictly within the judge's discretion.").

Nor have Defendants shown entitlement to a stay under Rule 62(f). Under that Rule, if, under the law of the state where the court is located a judgment would be classified as a lien on the judgement debtor's property, the judgment debtor is entitled to the same stay of execution the state court would give. *See* Fed. R. Civ. P. 62(f). Defendants make no attempt to show that, under California law, they would be entitled to a mandatory stay of execution on these facts.

In sum, Defendants provide no explanation for their delay in seeking a supersedeas bond beyond their erroneous assumption the United States would not proceed with the foreclosure sale as scheduled and their decision not to obtain representation until late in the proceedings. Assuming the United States followed proper notice procedures, which Defendants do not contest, Defendants were aware of the United States' intent to conduct the sale as well as the sale date four weeks ago. Accordingly, Defendants have not shown they are without fault in creating the crisis requiring ex parte relief. *See Mission Power*, 883 F. Supp. at 492. Moreover, the tax debt giving rise to the liens dates back to tax years 1995 and 1996, the case was filed over four years ago, and resolution has been substantially delayed due to Defendants' strategic bankruptcy filings. *See* Dkt. # 117, 141. Under these circumstances, neither the ex parte relief Defendants seek nor a discretionary stay is warranted.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#177**

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-5767 PSG (AJWx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | United States v. Gunter M. Zielke, *et al.* | | |

IV.   Conclusion

   Based on the foregoing, the Court DENIES Plaintiff's ex parte application for an emergency stay.

   **IT IS SO ORDERED.**